IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02828-ZLW

NORVELL WEBSTER CRUMP,

Applicant,

v.

R. WILEY, Warden,
HARLEY LAPPINS, Director,
US ATTORNEY GENERAL, UNITED STATES OF AMERICA, and
AGENCIES OF BUREAU OF PRISON (BOP) ADMINISTRATIONS,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2009

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is the *pro se* "Motion Renewed to Clerk to be Directed to Chief Justice of Court," filed on February 23, 2009, by Applicant Norvell Webster Crump. Mr. Crump is a prisoner in the custody of the United States Bureau of Prisons, who currently is incarcerated at the United States Penitentiary in Florence, Colorado. In the Motion, he seeks reconsideration of the Order of Dismissal and the Judgment entered by the Court on February 12, 2009, denying his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and dismissing the action.

The Court must construe the Motion liberally because Mr. Crump is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

The Court denied the Application and dismissed the action without prejudice because Mr. Crump failed to cure all the deficiencies noted in Magistrate Judge Boyd N. Boland's December 31, 2008, Order to Cure. Although, in response to the Order to Cure, Mr. Crump filed his claims on a proper Court-approved form used in filing 28 U.S.C. § 2241 actions and submitted a proper 28 U.S.C. § 1915 Motion and Affidavit, he failed to submit a certified copy of his trust fund account statement to the Court.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The February 12, 2009, Order of Dismissal and the Judgment denied the Application and dismissed the action without prejudice. The instant Motion was filed on February 23, 2009, within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

2

A motion to alter or amend that reiterates issues originally raised in an application and that seeks to challenge the legal correctness of a court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Crump fails to demonstrate some reason why the Court should alter or amend the February 12, 2009, Order of Dismissal and the Judgment in this action.

Mr. Crump failed to submit a certified copy of his trust fund account statement. The Court is not able to determine the amount of the filing fee Mr. Crump may be required to pay, pursuant to 28 U.S.C. § 1915, without a certified copy of his account statement. Furthermore, the pleading titled, "Motion to Cure Deficiency . . . ," that Mr. Crump filed on January 26, 2009, and to which he refers in his Motion to Reconsider as his attempt to cure the deficiencies, does not satisfy the requirements set forth under § 1915(a)(2) and Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Section 1915(a)(2) and Rule 3(a)(2) require prisoners to submit to the Court a certified copy of their trust fund account statement. The January 26, 2009, pleading does not contain a certified copy of Mr. Crump's trust fund account statement.

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts applies the rules to 28 U.S.C. § 2241 habeas corpus actions.

Therefore, the Motion to Reconsider will be denied. Mr. Crump is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that Applicant's Motion to Reconsider (Doc. # 12), filed on February 23, 2009, is denied.

DATED at Denver, Colorado, this 27 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02828-ZLW

Norvell Webster Crump
Reg No. 03908-088
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/27/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk