IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 08 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02828-ZLW

NORVELL WEBSTER CRUMP,

Applicant,

v.

R. WILEY, Warden,
HARLEY LAPPINS, Director,
US ATTORNEY GENERAL, United States of America, and
AGENCIES OF BUREAU OF PRISON (BOP) ADMINISTRATIONS,

Respondents.

---

ORDER DENYING SECOND MOTION TO RECONSIDER

---

Applicant Norvell Webster Crump, on March 18, 2009, submitted a filing titled, "Complaint," to the Court. Previously, on February 23, 2009, Mr. Crump submitted a filing titled, "Motion Renewed Application to Clerk to be Directed to Chief Justice of Court," that was construed by the Court as a Motion to Reconsider and was denied on February 27, 2009. In the March 18, 2009, filing, Mr. Crump again asks the Court to reconsider and vacate the February 12, 2009, Order that dismissed the instant action.

The Court must construe liberally the March 18, 2009, filing because Mr. Crump is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will treat the filing as a Second Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Upon consideration of the Second Motion to Reconsider and the entire file, the Court again finds that Mr. Crump fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Crump's claims are unintelligible. At best, it appears he is arguing that the Court should accept an attached copy of a sales receipt in place of a certified copy of his trust fund account statement and that the Court may not dismiss a complaint without allowing an inmate to address the issues. Although not clear, it also appears Mr. Crump is asserting that he is being denied access to certain materials needed to prepare legal documents and that he and the prison officials are unable to "cure deficiency."

In the Court's February 27, 2009, Order, denying Mr. Crump's original Motion to Reconsider, Mr. Crump was instructed that a copy of a sales receipt does not satisfy the requirements set forth under 28 U.S.C. § 1915(a)(2) and Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts. If Mr. Crump does not comply with the § 1915(a)(2) and Rule 3(a)(2) requirements he may not proceed *in forma pauperis*, and the Court will not review the merits of his claims.

Although Mr. Crump asserts that he and prison staff are not able to "cure deficiency," the claim is conclusory and vague. Mr. Crump does not assert that prison staff refuses to grant his request for a certified copy of his trust fund account statement and, as a result, that he is unable to comply with the Court's order to submit a certified copy of his account statement. Therefore, the Court finds that Mr. Crump has failed to assert any extraordinary circumstances that would merit relief under Rule 60(b).

Again, Mr. Crump is instructed that he may pursue his claims by filing a new action, if he chooses, but he must provide to the Court a certified copy of this trust fund

Case 1:08-cv-02828-ZLW    Document 15    Filed 04/08/09    USDC Colorado    Page 3 of 4

account statement if he desires to proceed pursuant to 28 U.S.C. § 1915.

Accordingly, it is

ORDERED that Mr. Crump's March 18, 2009, filing is construed as a Second Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 60(b), and is denied.

DATED at Denver, Colorado, this 6 day of April, 2009.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02828-ZLW

Norvell Webster Crump
Reg No. 03908-088
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  4/8/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk